IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-949-MEF |
| | ) | |
| WALTER GRIFFIN and MARY HOWARD, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff QBE Insurance Corporation ("QBE") filed this declaratory judgment action against Walter Griffin ("Griffin") and Mary Howard ("Howard") on December 3, 2008. (Doc. # 1.) QBE seeks a declaration that it has no duty to defend Griffin in an underlying state court lawsuit brought by Howard. The case is presently before the Court on Howard's Motion to Continue or Postpone Plaintiff's Motion for Summary Judgment. (Doc. # 28.) After consideration of the submissions of the parties and the applicable law, the Court finds that the Motion is due to be GRANTED and Plaintiff's Motion for Summary Judgment is due to be DENIED with leave to refile once discovery has progressed.

Upon consideration of the parties Rule 26(f) report (Doc. # 18), the Court entered a Scheduling Order on February 24, 2009. (Doc. # 19.) That Order set the following deadlines, among others: amended pleadings were due May 8, 2009, the discovery period will close on January 29, 2010, and dispositive motions are due by November 18, 2009. Plaintiff filed a Motion for Summary Judgment on May 28, 2009, three months after the entry of the

Scheduling Order. (Doc. # 27.) The Court entered a briefing schedule the same day (Doc. # 28), and Howard moved the Court to "postpon[e] or continu[e]" Plantiff's Motion for Summary Judgment. (Doc. # 29.) As grounds for the motion, Howard argues that the parties did not exchange initial disclosures until February 27, 2009 and March 27, 2009, and that she is still conducting valuable discovery and is not yet ready to respond to Plaintiff's motion seeking summary judgment. Counsel for Howard attached an affidavit to the motion. In the affidavit, counsel states that Plaintiff has not yet responded to Howard's first request for production, and that there has not been a realistic opportunity for discovery.

In *Celotex Corp. v. Catrett*, which explicates the burdens courts should apply when considering motions for summary judgment, the Supreme Court addressed the burden on the nonmoving party as follows:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. 317, 322 (1986) (emphasis added); *accord Snook v. Trust Co. of Ga. Bank of Savanah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). The Eleventh Circuit has likewise held "that summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). Consequently, the Eleventh Circuit has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. *E.g.*, *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989); *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir.

1997). The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. *Id.* If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. *Id.* Summary judgment is generally inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests. *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1532 (11th Cir.1986).

Here, summary judgment is inappropriate according to these principles of law. Counsel's affidavit states that Howard has been unable to obtain responses to even her first request for production,[1] and summary judgment is generally inappropriate under these circumstances. *See Cowan*, 790 F.2d at 1532. Moreover, Howard has not had an adequate opportunity to conduct discovery and determine whether she can factually support her opposition to the motion for summary judgment. *See Jones*, 120 F.3d at 253 ("The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits"). A scant three

---

[1] Though useful for calling attention to outstanding discovery, the affidavit was not necessary. *Snook*, 859 F.2d at 871 ("In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule.")

months of an eleven month discovery period have elapsed, and not enough time has passed for Plaintiff to respond to Howard's first requests for production.  Under these circumstances there can be little doubt that the discovery sought would be "relevant to the issues presented by the motion," as Howard has received nothing beyond initial disclosures from Plaintiff. *Jones*, 120 F.3d at 253.

Howard must be "allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Id.*  After careful consideration of the timing of the Motion for Summary Judgment, the process of discovery to this point, the affidavit of counsel for Howard, and the prior orders of this Court, it is apparent that Howard has heretofore had no such opportunity.  Because the Court is obliged under the law of this Circuit to allow for such an opportunity before granting an opposing party's motion for summary judgment, it is hereby

ORDERED that Howard's Motion (Doc. # 28) is GRANTED.

It is further ORDERED Plaintiff's Motion for Summary Judgment (Doc. # 20) is DENIED WITH LEAVE to refile when discovery has progressed and Defendants have had an adequate opportunity to utilize the discovery process.

Done this the 4th day of June, 2009.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE